UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00037-1-JRG |
| | ) | |
| DEMETRIUS ANTWAN DALTON | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Demetrius Antwan Dalton's Pro Se Motion for Appointment of Counsel in Light of Supreme Court Ruling in *Concepcion v. United States* [Doc. 826], the Federal Defender Services of Eastern Tennessee's Supplement to Defendant's Pro Se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 845], and the United States' Response in Opposition [Doc. 854]. For the reasons herein, the Court will deny Defendant's motion.

## I. BACKGROUND

In 2013, Mr. Dalton pleaded guilty to conspiring to distribute or possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. [Plea Agreement, Doc. 133; Minute Entry, Doc. 168]. At sentencing, the Court applied an advisory guidelines range of 360 months to life but, departing downward, sentenced Mr. Dalton, a career offender under USSG § 4B1.1(b), to 240 months' imprisonment. [PSR, Doc. 316, ¶ 74; Hr'g Tr., Doc. 644, at 2:17–18, 61:24–25, 62:1–2; J., Doc. 571, at 2]. Acting pro se, Mr. Dalton previously moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, citing underlying medical conditions that included borderline diabetes, high blood pressure, and an unspecified heart problem. [Def.'s Mot. for Compassionate Release, Doc. 787,

at 1]. The Court denied his motion, partly because 18 U.S.C. § 3553(a)'s factors militated against his release. [Mem. Op. & Order, Doc. 794]. In its analysis of § 3553(a)'s factors, the Court noted that Mr. Dalton had incurred "numerous, serious disciplinary infractions during his incarceration, including "arranging for drugs to be entered" into the prison system and "possessing a hazardous tool." [*Id.* at 8]. Mr. Dalton now again moves for compassionate release, contending that the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), and his post-rehabilitative efforts add up to extraordinary and compelling reasons for his release. [Def.'s Renewed Mot. for Compassionate Release, Doc. 826, at 1–4].

## II. LEGAL STANDARD

Section 3582(c)(1)(A), the compassionate-release statute, authorizes the Court to reduce a defendant's sentence if, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable," it "finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *but see United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (holding that district courts "need not consider" USSG § 1B1.13 when ruling on a motion for compassionate release under § 3582(c)(1)(A) because "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates"). "[D]istrict courts may deny compassionate-release motions when any of the . . . prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519 (citations omitted).

2

### III. ANALYSIS

In response to Mr. Dalton's renewed pro se motion for compassionate release, the Court ordered FDS to file a supplement on his behalf, [Order, Doc. 827], and FDS has now filed its supplement. In that supplement, it asserts that "the change in the law under *Havis* and its impact on career offender classification should in combination with Mr. Dalton's health condition (obesity) and his extensive rehabilitative efforts consistent with the applicable § 3553(a) factors, constitute 'extraordinary and compelling' circumstances warranting a sentence reduction." [FDS's Suppl. at 3]. In response, the United States contends that Mr. Dalton's obesity is not an extraordinary and compelling reason for compassionate release because he is fully vaccinated against COVID-19. [United States' Resp. at 4]; *see* [Vaccine Consent Form, Doc. 855, at 1–3]. The United States also argues that *Havis* cannot constitute an extraordinary and compelling reason for compassionate release because it is non-retroactive, and it also maintains that Mr. Dalton's rehabilitative efforts alone cannot constitute an extraordinary and compelling reason for his release. [United States' Resp. at 4–7].

As to FDS's initial argument—its argument that Mr. Dalton's obesity is an extraordinary and compelling reason for his release—his vaccination status vitiates this argument. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); *see also United States v. Feggan*, No. 22-5680, at 2–3 (6th Cir. Mar. 13, 2023) (PACER), ECF No. 14-1 ("We have repeatedly explained . . . that[] 'following full vaccination . . . a defendant's incarceration during the COVID-19 pandemic . . . does not present an

3

"extraordinary and compelling reason" warranting a sentence reduction.'" (quoting *Lemons*, 15 F.4th at 751)).

FDS's additional arguments do not fare any better. The United States is correct that neither *Havis* nor Mr. Dalton's rehabilitative efforts can constitute an extraordinary and compelling reason for release:

> [The appellant] argues that our decision in *Havis*, his risk of contracting COVID-19, and his rehabilitative efforts supply 'extraordinary and compelling' reasons to reduce his sentence. We disagree. *Havis*, a nonretroactive judicial decision announcing a new rule of criminal procedure, cannot serve as a basis for relief. Nor, with 'vaccinations [widely] available to federal prisoners,' can [the appellant's] claims about the dangers of COVID-19. That leaves rehabilitation, which cannot by itself justify a sentence reduction. Because none of [the appellant's] reasons meets the 'extraordinary and compelling' threshold for relief, the district court did not err when it denied his petition for compassionate release.

*United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (citations omitted); *see United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *2 (6th Cir. Mar. 1, 2023) ("[T]his court, sitting en banc, recently resolved our 'intractable' 'intra-circuit split' and held that 'nonretroactive changes in sentencing law cannot be "extraordinary and compelling reasons" that warrant relief.'" (quoting *id.* at 1051, 1055)); *United States v. Makupson*, No. 1:14-cr-00214-1, 2023 WL 2431992, at *2 (N.D. Ohio Mar. 9, 2023) ("[D]istrict courts in this circuit cannot consider nonretroactive sentencing-law changes when deciding whether extraordinary-and-compelling reasons exist to grant early release." (citing *McCall*, 56 F. 4th at 1061)).

Although Mr. Dalton also invokes the Supreme Court's decision in *Concepcion*—a case that, he argues, "allows district courts to consider intervening changes of law or facts to reduce sentences," [Def.'s Renewed Mot. for Compassionate Release at 2]—the Sixth Circuit has held that a defendant cannot avail himself of *Concepcion* unless he first establishes an extraordinary and compelling reason justifying his compassionate release. *See McCall*, 56 F.4th at 1061–62

4

("*Concepcion*'s insight goes to what a court may consider *after* it finds a defendant meets the threshold requirement for a sentence modification. If that threshold is met, *Concepcion* teaches that a district court may consider any number of changes in law and fact when exercising its discretion to grant or deny the defendant's motion. Our approach to compassionate release runs a parallel course. A defendant must first satisfy the provision's threshold requirement, showing 'some [] "extraordinary and compelling" reason' justifies 'a sentencing reduction.' With that hurdle cleared, *Concepcion*'s holding comes into play." (citations omitted)). None of the reasons that Mr. Dalton presents to the Court—his obesity, *Havis*, or his rehabilitative efforts—are extraordinary and compelling reasons for his release, so *Concepcion* cannot move the dial toward compassionate release.

In sum, Mr. Dalton fails to identify an extraordinary and compelling reason for his release under § 3582(c)(1)(A). In addition, the Court's previous analysis of § 3553(a)'s factors, which the Court incorporates by reference into this opinion, also precludes relief under § 3582(c)(1)(A). Mr. Dalton's renewed motion for compassionate release [Doc. 826] and his supplemental motion [Doc. 845] are therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE